

Luz Aquino
1309 Greenway Drive
Richmond California [94803]

# THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Luz Aquino, a woman | CASE No. CV14 1818 |
| Plaintiff, | |
| vs. | VERIFIED COMPLAINT FOR DAMAGES |
| California Reconveyance Company | |
| Defendant | JURY TRIAL DEMANDED |

**COMES NOW**, the Plaintiff Luz Aquino complaining of the defendant as follows;

## INTRODUCTION

1. This action is an action brought by the Plaintiff for violation of the Fair Credit Reporting Act, 15 U.S.C. §1681, Fair Debt Collection Practices Act, 15 U.S.C. §1692, Rosenthall Fair Debt Collection Practices Act, California Civil Code 1788, and Defamation of Character respectively.

### I. THE PARTIES

2. Plaintiff Luz Aquino is now and at all times relevant to this action an American National. Plaintiff is a "consumer" as that term is defined within 15 U.S.C. §1692a(3).

3. Defendant "DEBT COLLECTOR" California Reconveyance Company IS A LIMITED LIABILITY CORPORATION formed under the laws of STATE OF CALIFORNIA. It has a principal place of business located at 9200 Oakdale Avenue, Chatsworth Ca. 91311.

Defendant California Reconveyance Comnpany are "debt collectors" as that term is defined by 15 U.S.C. §1692a(6).

## II.      JURISDICTION AND VENUE

4. The US District Court of California has jurisdiction pursuant to 15 U.S.C. §1692 et. al. and the court has concurrent jurisdiction over Plaintiffs tort state claims. Venue is proper as the occurrences which give rise to this action took place within the state of California. Therefore venue is proper in the US DISTRICT COURT OF CALIFORNIA.

## III.      FACTUAL ALLEGATIONS

5. Plaintiff brings this action regarding the defendant, in their continued attempts to collect an alleged debt defendants claim is owed them. However, Plaintiff is without knowledge of the alleged debt defendants claim is owed.

6. On or about 02/02/2012 Plaintiff received a dunning notice by defendant California Reconveyance Company (See attached Exhibit A). The dunning notice makes numerous claims by the defendant regarding an alleged loan, mortgage, and or Deed of Trust. Consequently, Plaintiff is without specific knowledge and evidence that supports defendant's claims and allegations.

7. Plaintiff has suffered significant economic harm as a result of the erroneous credit reporting and failure to verify and or validate their alleged debt. On August 15, 2012, California Reconveyance Company sold Luz Aquino's property located at 1309 Greenway Drive, Richmond California. On November 1, 2012, the local sheriff evicted by force the tenant Allen Aquino, Luz's son from the property. One week later, Allen was allowed to move back into the property and is still there now.

8. The above detailed conduct by the Defendant has more to do with their deceptive and illegal acts in their attempt to collect the alleged debt, as opposed to any legitimacy of their alleged debt. The FDCPA, FRCA, and the Resenthall Fair Debt Collection Practices Act, California Civil Code 1788, relates to the defendants even if they were collecting a legitimate debt. Plaintiff alleges for the record that the defendant is not a creditors, lenders, nor mortgagees, neither did the defendant provide any credit, or services to Plaintiff. Nonetheless, the defendants are 'debt collectors" pursuant to 15 U.S.C. §1692a(6). Plaintiffs allege the FDCPA states in part:

The term "debt collector" means any person who used any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, or used any name other than his own which would indicate that a third person is collection or attempting to collect such debts. For the purpose of section

2

808(6), such term also includes any person who used any instrumentality of interstate commerce or he mails in any business the principal purpose of which is the enforcement of security interests.

9. Plaintiff therefore seeks damages as a result of defendants acts.

## IV.                       FIRST CAUSE OF ACTION
### VIOLATION OF 15 U.S.C. §1681i FAIR CREDIT REPORTING ACT
### California Reconveyance Company

10. Paragraph 1-10 are re-alleged as though fully set out herein.

11. Plaintiffs are "consumers" within the meaning of the FCRA, 15 U.S.C. §1681a (c).

12. Defendant California Reconveyance Company are "credit furnishers" within the meaning of the 15 U.S.C. §1681s-2(a) prohibits furnishers from reporting inaccurate or erroneous information about consumers. As such, it placed an affirmative duty on furnishers to correct and update information which they know, or reasonably should know, is inaccurate. The subsection requires furnishers to flag or otherwise provide notice to credit reporting agencies of any "dispute" by consumer related to his or her credit information or history. FCRA, `5 U.S.C. §1681s-(2)(a)-(3). Plaintiffs consumer credit report is a consumer report within the meaning of 15 U.S.C. §1681 a (d).

13. The FCRA, 15 U.S.C. §1681s – 2(b) has obligations regarding credit furnishers to investigate consumer disputes. Subsection 1681s-2(b) specifies a second set of obligations on a furnisher. These obligations are triggered once a credit reporting agency (CRA) notifies the furnisher that it has received a "notice of dispute: from the consumer pursuant to 15 U.S.C. §1681s-2(a)(2). After the disputes are received by a CRA from a consumer, it, in turn, is required under §1681i of the FCRA to forward a consumer dispute verification (CDV) form to the furnisher, requiring it to verify the credit information and investigate it's accuracy. After receiving notice of such a dispute from a CRA, a furnisher has 5 mandatory duties it must perform within 30 days:

    (1) To conduct "an investigation" with respect to the disputed information.

    (2) To "review all relevant information" provided by the credit reporting agency.

    (3) To "report the results of it's investigation" back to the credit reporting agency.

    (4) If the investigation finds the existing information is incomplete or inaccurate, to report back those results to each of the consumer reporting agencies to whom the furnisher originally communicated information about the consumer.

3

(5) To "modify, delete or permanently block" the reporting of any item of information found to be inaccurate, incomplete, or which cannot be verified as accurate after a reinvestigation. 15 U.S.C. §1681s-2(b)(1).

15. In §1681s-2(b) duties arise only after a furnisher receives notice of dispute from a CRA. Notice of a dispute to a furnisher by a consumer directly does not trigger a furnishers duty to reinvestigate under §1681s-2(b). The consumer must dispute to a CRA, which, in turn, forwards the dispute to the furnisher. This indirect "filtering" mechanism must be followed by a consumer to give rise to a duty of investigation under the FCRA to the furnisher. A furnisher need not honor a dispute received directly from the consumer, whether oral or written, under the FCRA. Such a dispute, it should be noted, likely does create a legal obligation under §1692g of the FDCPA.

16. Plaintiff alleges that at all relevant times Defendant California Reconveyance Company failed to maintain, and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the accounts in question, violating 15 U.S.C. §1681e(b). Plaintiff alleges that Defendant "PDF" failed to conduct a proper and lawful reinvestigation.

17. All actions taken by the Defendant California Reconveyance Company and Equifax, Transunion, and Experian were done with malice, were done willfully, and were done with either the desire to harm Plaintiff's and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and state law. Defendants and each of their acts constitutes multiple willful non-compliance with FCRA.

18. All of the violations of the FCRA proximately caused the injuries and damages to Plaintiffs as set forth in this complaint. The FCRA requires the following of Equifax, Transunion, and Experian:

1. Prompt Notice of Dispute to Furnisher of Information
    (A) In general, before the expiration of the 5 business day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from consumer or reseller.

    (B) Provision of other information. The consumer reporting agency shall promptly provide to the person who provided the information in dispute al relevant information regarding the dispute that is received by the agency from the consumer or the reseller after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A).

4

2. Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.

3. Treatment of Inaccurate or Unverifiable Information. In conducting any reinvestigation under paragraph (1) with respect to disputed information.

(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall:
  (i) Promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation, and
  (ii) Promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

19. Plaintiff has been significantly harmed by defendant due to erroneous reporting of the alleged debt. Due to defendants acts, Plaintiff has suffered damages that led to multiple denials of credit. The multiple denials of credit were a direct reflection of defendants erroneous credit reporting. Plaintiffs are entitled to actual damages for those creditors who denied Plaintiffs credit based on a deteriorated credit score and credit worthiness. Defendant negligent and noncompliant acts may have been a direct violation of 15 U.S.C. §1681(n), and 15 U.S.C. §1681(o) respectfully.

20. Plaintiff has also been significantly harmed by defendant when defendant sold Plaintiffs house and Plaintiff's son was evicted forcefully by the Sheriff.

V.                       **THIRD CAUSE OF ACTION**
                             **INVASION OF PRIVACY**

**California Reconveyance Company**

21. Paragraphs 1-21 are re-alleged as though fully set out herein.

22. Defendant California Reconveyance Company is a "debt collector" and a stranger to the Plaintiffs. Plaintiff has no contractual relationship with defendant California Reconveyance Company, and Plaintiff has never applied for credit or services with the defendant.

23. Plaintiffs right to privacy are also an enumerated Constitutional right, both in the State and Federal Constitution. Plaintiffs has been damaged in that their proprietary, confidential, most personal information was unlawfully and illegally breached by defendant California Reconveyance Company. Importantly Plaintiffs are most concerned with the fact that Plaintiffs

1  "did not" provide their social security number(s) to either defendant California Reconveyance
2  Company. Plaintiff supports this assertion by the mere fact that no credit, application or
3  services was applied nor received the defendant California Reconveyance Company.
4  24. Plaintiff has a right to discovery, to determine where Defendant obtained their personal,
5  private information from. Specifically Plaintiffs will investigate through discovery where
6  defendant obtained Plaintiffs social security number from, and what additional proprietary
7  information was obtained by the defendant illegally and unlawfully, and how that information is
8  being used. Defendant California Reconveyance Company may also be guilty of identity theft
9  under state and federal law.
10 25. Therefore defendant California Reconveyance Company is liable to Plaintiff for actual,
11 punitive, consequential, compensatory damages in an amount determined at trial, or by the court.

### VI.                              FOURTH CAUSE OF ACTION
### ROSENTHALL FAIR DEBT COLLECTION PRACTICES ACT
### CALIFORNIA CIVIL CODE 1788

### CALIFORNIA RECONVEYANCE COMPANY

26. Paragraphs 1-26 are re-alleged as though fully set out herein.
27. Plaintiffs are consumers as defined with the Rosenthall Act. defendants are business enterprises as defined in the Rosenthall Act. Defendant alleged debt is a consumer transaction, and consumer acts or practices in trade or commerce. This Act protects "consumers and legitimate business enterprises" by forbidding and declaring unlawful any "unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce."

28. Defendants intentional acts of providing multiple erroneous, fabricated amounts allegedly due and owing constitutes an intentional, willful violation of the act (see Exhibit A). Plaintiffs even if the debt was legitimate, could make no true accounting of the amounts alleged by

defendants. Plaintiffs on multiple occasions offered to pay the alleged debt if defendants could validate, and or provide a sensible computation of the amounts alleged to be due and owing.

29. Notwithstanding, the defendants claims has any merit, and due to the defendant debt collectors misrepresentation of the character and amount of the alleged debt, Plaintiffs are/were unable to make a legal or lawful determination in an effort to possibly satisfy the alleged debt if legitimate.

30. Plaintiffs were significantly harmed by defendant's deceptive acts, oppression, abusive debt collection activities. Plaintiffs harm includes emotional distress, confusion, anxiety, significant harm to plaintiffs consumer purchasing power, embarrassment, extension abusive litigation and costs, and humiliation.

31. Defendants are therefore liable to Plaintiffs, and Plaintiffs are entitled to recover compensatory damages and reasonable attorney's fees, and in the event of an intentional violation, treble damages.

## VI.　　　　　　　　　　FIFTH CAUSE OF ACTION
## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND
## SUPERVISION OF INCOMPETENT EMPLOYES OR AGENTS
## CALIFORNIA RECONVEYANCE COMPANY

32. Paragraphs 1-32 are re-alleged as though fully set out herein.

33. Defendant California Reconveyance Company was aware of their wrongful conduct in creating an alleged debt Plaintiffs are not obligated to, or are not able to discern the amount and character of the alleged debt. Defendant knew and approves of its incompetent employees and agents, attorney debt collectors, and debt collection against the Plaintiff. Defendant California Reconveyance Company negligently, wantonly, and/or intentionally hired, trained, retained, or supervised incompetent debt collectors in defendants company California Reconveyance Company, whom were allowed, or encouraged to violate the law as was done to the Plaintiffs. Defendant California Reconveyance Company is therefore responsible and liable to the Plaintiffs for the wrongs committed against them, and the substantial damages suffered by Plaintiffs.

34. Therefore Plaintiffs is entitled to punitive, consequential, actual, and special damages, and any other such damages the court deems necessary.

## VII. SEVENTH CAUSE OF ACTION
## VIOLATION OF U.S.C. §1692, FAIR DEBT COLLECTIONS PRACTICES ACT
## CALIFORNIA RECONVEYANCE COMPANY

35. Paragraphs 1-35 are re-alleged as though fully set out herein.

36. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

37. Plaintiffs are "consumers" as defined in 15 U.S.C. §1692a(3). Defendants California Reconveyance Company are debt collectors as defined in 15 U.S.C. §1692a(6). Defendants were attempting to collect a debt used for "household purpose" as defined by 15 U.S.C. §1692a(5).

38. Defendants violated the FDCPA, and caused damages to Plaintiff by their failure to comply with the Act. /defendant's violations include, but are not limited to the following:

   a. Defendant violated 15 U.S.C. §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt and;

   b. Defendant violated 15 U.S.C. §1692(j) of the Fair Debt Collection Practices Act by using unfair or unconscionably means in connection with the collection of an alleged debt.

   c. Using unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692(f)

39. Specifically defendant California Reconveyance Company knew it was not entitled to collect on the non-existent debt.

40. Defendant was fully aware that they were/are unable to provide a performance contract executed by Plaintiffs, whereby Plaintiffs are obligated to defendants.

41. Therefore the defendant is liable to Plaintiff for damages to their consumer credit reports which resulted in higher auto insurance premiums, higher interest rates, intentional infliction of

emotional distress, insomnia, embarrassment, loss of sleep, anxiety, loss of affection with her husband, and other related damages due to defendant's acts.

42. Defendants are therefore liable unto Plaintiffs pursuant to 15 U.S.C. §1629(k) in the amount of $1,000 plus punitive, consequential, treble damages, and actual damages.

Dated: April 4, 2014

BY: *Luz Aquino*
CONSUMER, Luz Aquino

# EXHIBIT "A"

Recording Requested By
**Service Link**
RECORDING REQUESTED BY
CALIFORNIA RECONVEYANCE COMPANY

AND WHEN RECORDED MAIL TO

CALIFORNIA RECONVEYANCE COMPANY
9200 Oakdale Avenue
Mail Stop: CA2-4379
Chatsworth, CA 91311
800-892-6902

| **Trustee Sale No.** | **447853CA** |
|---|---|
| Loan No. | 3013490218 |
| Title Order No. | 715439 |

CONTRA COSTA Co Recorder Office
STEPHEN L. WEIR, Clerk-Recorder
DOC- 2012-0035005-00

Check Number
Wednesday, FEB 15, 2012 11:11:00
MOD  $2.00:REC   $12.00:FTC   $1.00
DAF  $2.70:REF   $0.30:RED    $1.00
ERD  $1.00:
Ttl Pd  $20.00      Rcpt # 0001178768
                       rrc/RJ/1-2

Space above this line for recorder's use only

## NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 03-27-2007. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDINGS AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

On 03-09-2012 at 01:30 PM, CALIFORNIA RECONVEYANCE COMPANY as the duly appointed Trustee under and pursuant to Deed of Trust Recorded 04-03-2007, Book N/A, Page N/A, Instrument 2007-0096527-00,       of official records in the Office of the Recorder of CONTRA COSTA County, California, executed by: LUZ AQUINO, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY, as Trustor, WASHINGTON MUTUAL BANK, FA, as Beneficiary, will sell at public auction sale to the highest bidder for cash, cashier's check drawn by a state or national bank, a cashier's check drawn by a state or federal credit union, or a cashier's check drawn by a state or federal savings and loan association, savings association, or savings bank specified in section 5102 of the Financial Code and authorized to do business in this state. Sale will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to the Deed of Trust. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, interest thereon, estimated fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

Place of Sale: THE COURT STREET ENTRANCE TO THE COUNTY COURTHOUSE, 725 COURT ST. (CORNER OF MAIN AND COURT ST.) , MARTINEZ, CA

Legal Description: LOT 5, BLOCK 3, MAP OF SUBDIVISION 4803, IN THE CITY OF RICHMOND, COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA, FILED DECEMBER 29, 1975, BOOK 181 OF MAPS, PAGE 17, CONTRA COSTA COUNTY RECORDS.

EXCEPTING THEREFROM THAT PORTION THEREOF LYING BELOW A DEPTH OF 500 FEET, MEASURED VERTICALLY FROM THE SURFACE THEREOF