1

2

3

4                           UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7   LUZ AQUINO,                                   Case No.   14-cv-01818-WHO
                    Plaintiff,
8
        v.                                        **ORDER GRANTING DEFENDANT'S**
9                                                 **MOTION TO DISMISS; DENYING**
    CALIFORNIA RECONVEYANCE                        **PLAINTIFF'S MOTION FOR LEAVE**
10  COMPANY,                                       **TO AMEND**

11                  Defendant.                    Re: Dkt. Nos. 10, 29

12                              **INTRODUCTION**

13         Defendant California Reconveyance Company ("CRC") moves to dismiss pro se plaintiff

14  Luz Aquino's complaint for invasion of privacy, negligent hiring and supervision, and violations

15  of the Rosenthal Fair Debt Collection Practices Act, the Fair Debt Collection Practices Act, and

16  the Fair Credit Reporting Act.  Because all five causes of action are barred by res judicata, the

17  motion is GRANTED.

18                              **BACKGROUND**

19         **A.  Prior Action**

20         This is the second lawsuit arising from the same mortgage loan and foreclosure proceeding

21  that Aquino has filed in this Court.  In the prior action, Aquino alleged that on April 3, 2007, she

22  purchased a property in Richmond, California (the "property") through a mortgage loan from

23  Washington Mutual Bank, F.A. *Aquino v. JP Morgan Chase Bank N.A.*, No. 12-cv-05448-WHO

24  (N.D. Cal. Oct. 29, 2012), Dkt. No. 54 at 7.  Washington Mutual Bank, F.A. was the original

25  holder of the deed of trust, and CRC was the trustee.  *Id.*  JP Morgan Chase, N.A. ("Chase")

26  subsequently acquired the "debt, loan, and/or promissory note."  *Id.*  The property was eventually

27  foreclosed on, and on August 15, 2012, CRC sold it at a public auction.  *Id.*

28         On October 29, 2012, Aquino filed a complaint against Chase and CRC alleging causes of

United States District Court
Northern District of California

United States District Court
Northern District of California

1  action for (i) intentional misrepresentation, (ii) negligence per se, (iii) negligence, (iv) rescission,

2  (v) wrongful foreclosure, and (vi) quiet title.  *Id.* at Dkt. No. 1.  Chase and CRC moved to dismiss,

3  and on March 25, 2013, Judge Hamilton issued an order dismissing the complaint with leave to

4  amend and spelling out, for Aquino's benefit, the elements of the six causes of action she had

5  alleged.  *Id.* at Dkt. Nos. 10, 24.  Aquino filed a first amended complaint on May 13, 2013, to

6  which Chase and CRC filed another motion to dismiss.  *Id.* at Dkt. Nos. 29, 30.  On September 30,

7  2013, I dismissed the first amended complaint without prejudice but warned Aquino that it would

8  be her final chance to amend.  *Id.* at Dkt. No. 44.

9  Aquino filed an erroneously titled "Third Amended Complaint" (it was actually her second

10  amended complaint) on October 30, 2013, alleging a single cause of action for quiet title.  *Id.* at

11  Dkt. No. 45.  The complaint asserted that Aquino was entitled to quiet title because the promissory

12  note had been improperly severed from the deed of trust, and because Aquino had in fact satisfied

13  her debt.  *Id.*  Chase and CRC again moved to dismiss, and on January 23, 2014, I granted the

14  motion, dismissing the complaint with prejudice.  *Id.* at Dkt. No. 54.

15  **B.  Present Action**

16  Aquino filed the instant action on April 21, 2014.  The complaint alleges five causes of

17  action: (i) invasion of privacy; (ii) negligent hiring and supervision; (iii) violation of the Rosenthal

18  Fair Debt Collection Practices Act; (iv) violation of the Fair Debt Collection Practices Act; and (v)

19  violation of the Fair Credit Reporting Act.  Compl. ¶¶ 10-42 (Dkt. No. 1).

20  The claims in the present action are centered on the same property, the same mortgage

21  loan, and the same foreclosure proceeding as the claims in the prior action.  The core allegation is

22  that CRC attempted to collect a debt from Aquino that CRC was not entitled to collect.  Attached

23  as an exhibit to the complaint is the notice of trustee's sale from CRC's public auction of the

24  property.  *Id.* at Ex. A.  The notice states that Aquino has defaulted on the mortgage loan and that

25  CRC plans to sell the property at a public auction sale.  *Id.*  Aquino asserts in the complaint that

26  she is "without specific knowledge" of the "claims and allegations" in the notice.  *Id.* ¶ 6.  Aquino

27  further asserts that as a result of CRC's "deceptive and illegal acts in their attempt to collect the

28  alleged debt," she has "suffered significant economic harm," including CRC's sale of the property,

2

1    the subsequent eviction of Aquino's son from the property, and "multiple denials of credit" due to

2    "defendant['s] erroneous credit reporting." *Id.* ¶¶ 7-8, 19.

3            On July 21, 2014, CRC filed this motion to dismiss, arguing that Aquino has failed to state

4    a claim under Federal Rule of Civil Procedure 12(b)(6) because her claims are "deficient and

5    unintelligible," and barred both by the applicable statutes of limitation and by res judicata.  Mot. 1

6    (Dkt. No. 11).  On August 26, 2014, while the motion to dismiss was still pending, Aquino moved

7    for leave to amend her complaint.  Pursuant to Local Rule 7-1(b), I found the matters suitable for

8    resolution without oral argument and vacated the hearing set for September 24, 2014.[1]

9                                        **LEGAL STANDARD**

10           Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim

11   upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion to

12   dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its

13   face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  A claim is facially plausible when

14   the plaintiff pleads facts that "allo[w] the court to draw the reasonable inference that the defendant

15   is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation

16   omitted).  While courts do not require "heightened fact pleading of specifics," a plaintiff must

17   allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at

18   555, 570.  There must be "more than a sheer possibility that a defendant has acted unlawfully."

19   *Ashcroft*, 556 U.S. at 678.

20           In deciding whether a plaintiff has stated a claim upon which relief can be granted, the

21   court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the

22   plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is

23   not required to accept as true "allegations that are merely conclusory, unwarranted deductions of

24   fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

25   _____

26   [1]CRC requests judicial notice of a number of documents related to Aquino's mortgage loan and
     foreclosure proceeding, as well as several filings from Aquino's prior action in this Court.  RJN 1-
27   5, Exs. 1-18 (Dkt. No. 16).  The documents related to the mortgage loan and foreclosure
     proceeding are not necessary to decide this motion, and CRC's request for judicial notice of those
28   documents is DENIED. *See id.* at Exs. 1-8.  The request for judicial notice of the filings from the
     prior action is GRANTED. *See id.* at Exs. 9-18.

                                               3

United States District Court
Northern District of California

1    2008).

2         If the court dismisses the complaint, it "should grant leave to amend even if no request to

3    amend the pleading was made, unless it determines that the pleading could not possibly be cured

4    by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  In making

5    this determination, the court should consider factors such as "the presence or absence of undue

6    delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments,

7    undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport*

8    *Package Express*, 885 F.2d 531, 538 (9th Cir.1989).

9         Pro se complaints are held to "less stringent standards than formal pleadings drafted by

10   lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Where a plaintiff is proceeding pro se, the

11   court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of

12   any doubt.  *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, pro se

13   pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim

14   has been stated.  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  A

15   pro se complaint should be dismissed if "it appears beyond doubt that the plaintiff can prove no set

16   of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 520-21

17   (internal quotation marks omitted).

18                                        **DISCUSSION**

19   **I.  CRC'S MOTION TO DISMISS**

20        CRC argues the present action is barred by res judicata based on the judgment in Aquino's

21   prior action in this Court.  Mot. 6-8.  CRC is correct.

22        The doctrine of res judicata, or claim preclusion, "provides that a final judgment on the

23   merits bars further claims by parties or their privies based on the same cause of action." *Tahoe-*

24   *Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)

25   (internal quotation marks omitted).  "Res judicata is applicable whenever there is (1) an identity of

26   claims, (2) a final judgment on the merits, and (3) privity between parties." *Id.* (internal quotation

27   marks omitted).  The doctrine extends to "any claims that were raised *or could have been raised* in

28   a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (emphasis in original).

United States District Court
Northern District of California

4

1    "A plaintiff need not bring every possible claim.  But where claims arise from the same factual

2    circumstances, a plaintiff must bring all related claims together or forfeit the opportunity to bring

3    any omitted claim in a subsequent proceeding."  *Turtle Island Restoration Network v. U.S. Dep't*

4    *of State*, 673 F.3d 914, 918 (9th Cir. 2012).

5        **A.  Identity Of Claims**

6        This first element is satisfied.  The Ninth Circuit looks to four factors in determining

7    whether claims in successive lawsuits are identical for res judicata purposes:

8        (1) whether rights or interests established in the prior judgment would be destroyed or
         impaired by prosecution of the second action; (2) whether substantially the same evidence
9        is presented in the two actions; (3) whether the two suits involve infringement of the same
         right; and (4) whether the two suits arise out of the same transactional nucleus of facts.
10

11   *Turtle Island,* 673 F.3d at 917-18 (internal quotation marks omitted).  The fourth factor is by far

12   the most important, to the point that the Ninth Circuit has repeatedly described it as "outcome

13   determinative."  *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010);

14   *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 988 (9th Cir. 2005).

15       Aquino's first and second actions plainly arise out of the same nucleus of facts.  Lawsuits

16   arise out of the same nucleus of facts where "they are related to the same set of facts" and "could

17   conveniently be tried together."  *Turtle Island*, 673 F.3d at 918.  Aquino's current claims relate to

18   the same mortgage loan transaction, the same foreclosure proceeding, and the same property as her

19   previous ones.  None of the conduct alleged in the current complaint occurred after the dismissal

20   of Aquino's prior case.  Although Aquino's "new" claims are asserted under different legal

21   theories, they are based on the same core allegation as were the claims in her prior action: that

22   CRC was not entitled to collect on the mortgage loan or foreclose on the property.  Aquino cannot

23   avoid the bar of res judicata merely by asserting new legal theories or by seeking a different

24   remedy for the same misconduct she previously alleged.  *See Costantini v. Trans World Airlines*,

25   681 F.2d 1199, 1201 (9th Cir. 1982) ("[Plaintiff] does not avoid the bar of res judicata merely

26   because he now alleges conduct by [defendant] not alleged in his prior suit, nor because he has

27   pleaded a new legal theory.  Rather, the crucial question is whether [plaintiff] has stated in the

28   instant suit a cause of action different from those raised in his first suit.") (footnotes omitted).

United States District Court
Northern District of California

5

United States District Court
Northern District of California

1    Aquino attempts to distinguish the instant case from the prior one by asserting that her

2    current claims have "more to do with [CRC's] deceptive and illegal acts in their attempt to collect

3    the alleged debt, as opposed to any legitimacy of [the] alleged debt." Compl. ¶ 8. But the only

4    reason Aquino provides for why CRC's acts were deceptive or illegal is that the "alleged debt"

5    was illegitimate. Aquino states that she is "without specific knowledge" of the debt; that CRC is a

6    "stranger" with whom Aquino has no "contractual relationship;" that CRC failed to "verify" or

7    "validate" the debt; that CRC provided "erroneous, fabricated amounts allegedly due and owing;"

8    that CRC "creat[ed] an alleged debt;" and that CRC "knew it was not entitled to collect on the

9    nonexistent debt." Compl. ¶¶ 7, 22, 28, 33, 39. Contrary to Aquino's assertion, the instant case is

10   an attempt to relitigate the legitimacy of CRC's efforts to foreclose on the property.

11          The other factors relevant to the identity of claims inquiry also indicate that an identity of

12   claims exists here. Aquino's first and second actions would rely on substantially the same

13   evidence – namely, documentation of the mortgage loan transaction and any transfers between

14   entities of the mortgage loan's component parts. Prosecution of the second action would threaten

15   to impair rights established in the first, because Aquino's claims focus on whether CRC was

16   legally entitled to collect the mortgage loan and foreclose on the property, the key issue decided in

17   the prior case. Finally, although Aquino now seeks damages instead of quiet title, the alleged

18   cause of Aquino's claimed harm continues to be CRC's attempt to collect an invalid debt.

19          **B.  Final Judgment in the Merits**

20          The second element is also satisfied. "[A] dismissal for failure to state a claim under Rule

21   12(b)(6) is a 'judgment on the merits' to which res judicata applies." *Stewart*, 297 F.3d at 957; *see*

22   *also,* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal . . . except

23   one for lack of jurisdiction, improper venue, or failure to join a party . . . operates as an

24   adjudication on the merits."). In the prior case, I granted Chase and CRC's motion to dismiss

25   under Rule 12(b)(6) and dismissed Aquino's complaint with prejudice. *Aquino*, No. 12-cv-05548-

26   WHO, Dkt. No. 54. That was a final judgment on the merits.

27

28

United States District Court
Northern District of California

1    **C.  Privity Between Parties**

2         Privity between parties exists when the parties in both actions are identical or substantially

3    identical, "that is, when there is sufficient commonality of interest." *Tahoe–Sierra*, 322 F.3d at

4    1081 (internal quotation marks omitted).  CRC, defendant in the present action, was also a

5    defendant in the prior action, and both lawsuits were brought by Aquino.  Therefore, the privity

6    element is satisfied.  *See Mpoyo*, 430 F.3d at 988 (finding the privity element satisfied where

7    "[t]he plaintiff and defendant are identical in both actions").

8         Because all three elements necessary for res judicata are satisfied, the doctrine applies, and

9    Aquino is precluded from asserting her current claims against CRC.  Accordingly, the motion to

10   dismiss is GRANTED.  Because I conclude that Aquino's claims are barred by res judicata, I do

11   not consider CRC's other arguments for dismissal.

12   **II.  AQUINO'S MOTION FOR LEAVE TO AMEND**

13        Aquino's motion for leave to amend states that "new information has been discovered and

14   needs to be addressed" and that "new defendants need to be added to the complaint."  Dkt. No. 29.

15   The motion is a single sentence long and does not explain the content of the new information or

16   the identities of the new defendants.  *Id.*  CRC opposes the motion on two grounds:  (1) it is

17   procedurally improper in that it does not include a proposed amended pleading as required by

18   Civil Local Rule 10-1; and (2) amendment would be futile.  Dkt. No. 30.

19        CRC is correct that Aquino's motion does not comply with Civil Local Rule 10-1, which

20   requires a party moving for leave to amend to attach to the motion a copy of the proposed

21   amended pleading.  Civ. L. R. 10-1.  In light of Aquino's pro se status,  I issued an order on

22   October 2, 2014 informing Aquino of this deficiency and granting her until October 17, 2014 to

23   supplement her motion with a proposed amended pleading.  Dkt. No. 34.  However, Aquino did

24   not file a proposed amended pleading by October 17, 2014 or at any time thereafter.

25        Federal Rule of Civil Procedure 15(a)(2) provides that courts should grant leave to amend

26   "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  One exception to this generally liberal

27   approach is "where the district court could reasonably conclude that further amendment would be

28   futile."  *Sylvia Landfield Trust v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

<div style="float:left">United States District Court<br>Northern District of California</div>

1   Amendment is futile where "no set of facts can be proved under the amendment to the pleadings

2   that would constitute a valid and sufficient claim." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209,

3   214 (9th Cir. 1988).

4        Amendment here would be futile because all five of Aquino's causes of action are barred

5   by res judicata.  *See Patel v. U.S. Bank, N.A.*, No. 13-cv-01625-YGR, 2013 WL 5947377, at \*2

6   (N.D. Cal. Nov. 5, 2013) (holding that amendment would be futile and denying motion for leave

7   to amend where plaintiff's sole claim was barred by res judicata).  Further, Aquino submitted three

8   different complaints in her prior action, meaning that the instant complaint represents her fourth

9   attempt to bring claims against CRC and other entities in connection with the same mortgage loan

10   and foreclosure proceeding.  *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th

11   Cir. 2010) (stating that a district court may deny leave to amend due to a litigant's "repeated

12   failure to cure deficiencies by amendments previously allowed").

13        Because I conclude that amendment to Aquino's complaint would be futile, the motion for

14   leave to amend is DENIED.  If Aquino has new claims that are not frivolous and are not precluded

15   by res judicata, she may bring them in a different lawsuit.

**CONCLUSION**

17        For the foregoing reasons, CRC's motion to dismiss is GRANTED, and Aquino's motion

18   for leave to amend is DENIED.  All causes of action in the complaint are DISMISSED WITH

19   PREJUDICE.

20        **IT IS SO ORDERED**.

21   Dated:  October 30, 2014

22

23   WILLIAM H. ORRICK
     United States District Judge

24

25

26

27

28

8